IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICKY EDWARD HAWKINS,
# 230985                                                                                       PETITIONER

VS.                                                         CIVIL ACTION NO. 3:23-cv-211-DPJ-FKB

WARDEN, CENTRAL MISSISSIPPI
CORRECTIONAL FACILITY                                                                          RESPONDENT

**REPORT AND RECOMMENDATION**

Before the Court is the petition for habeas corpus relief, filed by Ricky Edward Hawkins. *See* [1]; 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss [8] pursuant to 28 U.S.C. § 2254(b)(1) and (c), to which Hawkins has failed to respond. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.     FACTS AND PROCEDURAL HISTORY

In his petition, Hawkins challenges his 2020 convictions on two counts of aggravated DUI (also referred to as "DUI manslaughter") in violation of Miss. Code Ann. § 63-11-30(5) (Supp. 2017). [1] at 1. Following a jury trial in the Circuit Court of Scott County, Mississippi, the trial court sentenced Hawkins to concurrent terms of twenty-two years to serve in the custody of the Mississippi Department of Corrections, plus fines and restitution. *See Hawkins v. State*, No. 2020-KA-01263-COA, 335 So. 3d 1111, 1112 (Miss. Ct. App. 2022); *see also* [8-6] at 2.

Hawkins appealed his convictions and sentence. *See Hawkins*, 335 So. 3d at 1112. However, finding no arguable issues on appeal, his appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005)(setting forth new procedures that must be followed by an indigent criminal defendant's counsel on direct appeal if counsel does not believe

defendant's case presents any arguable issues on appeal).  Although the Court of Appeals granted Hawkins additional time to file a supplemental *pro se* brief, he failed to do so by the deadline established by the court.  *See Hawkins*, 335 So. 3d at 1112.  Thereafter, the Mississippi Court of Appeals affirmed his convictions on March 22, 2022.  *Id.*  Hawkins failed to file a motion for rehearing within the fourteen (14) days allowed under Rule 40(a) of the Mississippi Rules of Appellate Procedure, and the mandate issued on April 12, 2022.  *See* [8-8].  On July 6, 2022, Hawkins filed a *pro se* supplemental brief arguing for consideration of five of the grounds he brings before this Court.  *See* [8-4] at 3; [9-8] at 22-45.  The docket of his direct appeal, No. 2020-KA-01263-COA, contains no further entries.

Hawkins placed his petition for habeas corpus relief in the prison mailing system as "legal mail" at his facility on March 21, 2023.  [1] at 15; [1-1]; *see Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes."); *see also Richard v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).  In his petition, Hawkins acknowledges that he has failed to file a motion for post-conviction relief ("PCR") in the state courts, but he asserts that he has filed this petition to preserve his federal habeas remedy.  [1] at 5.  He also maintains that he filed a motion for rehearing before the Mississippi Court of Appeals in his direct appeal, and that he also filed a petition for writ of *certiorari* before the Mississippi Supreme Court.  *Id.* at 2-3.  Hawkins asserts that he never received a ruling on either filing.  *Id.* at 2-3, 5.

2

The State responded to the petition with its Motion to Dismiss [8].  According to the docket, Hawkins has not filed a response to the motion.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

II.     DISCUSSION

The State argues that Hawkins acknowledges that his petition contains all unexhausted claims because he chose to forego state post-conviction review and, instead, file his federal habeas petition in this Court.  Accordingly, the State contends that Hawkins's claims are unexhausted, and his petition should be dismissed without prejudice based on his failure to exhaust available state court remedies.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") states that exhaustion of a claim in state court is required for a federal court to consider the claim.  28 U.S.C. § 2254(b)(1)(A).[1]  To satisfy this requirement, Hawkins must have presented his claims to the

---

[1] Section 2254 provides, in relevant part, that:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>         (A) the applicant has exhausted the remedies available in the courts of the State; or
>         (B)     (i) there is an absence of available State corrective process; or
>                 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c)(1996).

highest Mississippi state court in a procedurally proper manner so that the state courts were given "one full" and "fair opportunity" "to resolve any constitutional issues" before raising those issues for habeas review in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The federal habeas scheme leaves primary responsibility with the state courts." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)(internal citation and quotation marks omitted).

In this instance, Hawkins untimely filed his *pro se* supplemental brief in his direct appeal before the Mississippi Court of Appeals on July 6, 2022, over three months after the court had issued its decision in his direct appeal. While he maintains that he filed petitions for rehearing and for writ of *certiorari* before the appropriate state courts, the docket of his direct appeal shows otherwise, and the state appellate courts' online filing system has no record of either filing. *See* https://courts.ms.gov/index.php?cn=92815#dispArea (last checked Nov. 8, 2023). More importantly, it appears that Hawkins has failed to file an application for leave to seek a motion for PCR in the Mississippi Supreme Court. *Id.*

Based on the record before the Court, the undersigned concludes that Petitioner has never given the state's highest court the opportunity to consider the substance of his claims, and therefore, he has not exhausted his state court remedies. It is well-settled that applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 529 U.S. 446 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-755 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 527 U.S. at 446; *see also Mercadel*

*v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. Petitioner has not met this requirement; therefore, he has not exhausted his state court remedies.

However, at this juncture, Hawkins's one-year federal statute of limitations has expired. The AEDPA statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Under Rule 40(a) of the Mississippi Rules of Appellate Procedure, Hawkins had fourteen (14) days from the entry of the Mississippi Court of Appeals decision in his direct appeal to file a motion for rehearing. He failed to do so, thus, Hawkins's judgment of conviction became final on April 5, 2022, fourteen days after entry of the decision. Accordingly, without the benefit of tolling, Hawkins's one-year federal statute of limitations expired on April 5, 2023, after he filed this action. As the State points out, had Hawkins filed a PCR motion in state court, rather than this petition, his federal one-year statute of limitations would have been tolled while the PCR motion was pending. [8] at 11 (citing 28 U.S.C. § 2244(d)(2)).

Hawkins has failed, moreover, to offer any explanation in his petition for his failure to pursue a PCR motion in state court. Thus, he has failed to show good cause for this Court to stay his petition and hold it in abeyance while he exhausts state remedies on his claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005)(explaining that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts."); *see also Reyer v. King*, No. 1:07-cv-657-LG-JMR, 2008 WL 625096 (S.D. Miss. Mar. 5, 2008)(considering *Rhines* and dismissing petitioner's claims for his failure to show "good cause").

Accordingly, this petition should be dismissed without prejudice because Petitioner has failed to exhaust his state court remedies.

III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [8] be granted and that this case be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of November, 2023.

/s/ F. Keith Ball           .
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).